IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICO CORTEZ DUKES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2170-D-BN |
| | § | |
| CADDO COURTHOUSE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Rico Cortez Dukes, proceeding *pro se*, has filed a "criminal complaint" against Defendant Caddo Courthouse and has moved for leave to proceed *in forma pauperis*. This action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues these findings of fact, conclusions of law, and recommendation that the Court should grant Dukes leave to proceed *in forma pauperis* for the purpose of screening his complaint and dismiss this action with prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Applicable Background**

Dukes alleges that Caddo Courthouse has violated "Rico act 109," "U.S. code 28-607," "IRS Code 1.001.14657cch," and "U.S. constitution section 10." Dkt. No. 3 at 1; *see also id.* at 2 ("Thus, on July 7, 2017 Dallas federal Judge Jane J. Boyd signed and granted all four federal Racketeering crimes on Washington DC district of Colombia

Whithouse and all courts and jails of the United States making this case that is presented a legal criminal federal Racketeering charges and case.").

## Legal Standards and Analysis

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Claims within a complaint lack an arguable basis in fact if they describe "fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 327-28, and such claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual allegations*' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam; emphasis added by *Smith*)), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

Dukes's complaint lacks a logical set of facts that supports a claim for relief. His allegations also lack facts that show that the claims asserted have substantive plausibility. And, to the extent that his claims are based on a desire to prosecute a criminal case against the named defendant, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619

(1973).

## Recommendation

The Court should grant Dukes leave to proceed *in forma pauperis* and summarily dismiss the complaint with prejudice for the reasons set out above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 1, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE